United States District Court
Southern District of Texas
**ENTERED**
July 25, 2017
David J. Bradley, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
|     Plaintiff/Respondent, | § | |
| v. | § | Cr. No. 2:15-763 |
| | § | (CA. No. 2:16-187) |
| ERICK RONALD CORRALES-LOBO, | § | |
|     Defendant/Movant. | § | |

## MEMORANDUM OPINION AND ORDER

Defendant/Movant Erick Ronald Corrales-Lobo (Corrales-Lobo) filed a motion to vacate, set-aside, or correct sentence pursuant to 28 U.S.C. § 2255. D.E. 21. The Court reviewed the § 2255 motion and concludes that summary dismissal is appropriate because "it plainly appears from the motion . . . and the record of prior proceedings that the moving party is not entitled to relief. . . ." Rule 4(b), Rules Governing Section 2255 Proceedings for the United States District Courts (2017) (2255 RULES).

### I. BACKGROUND

Corrales-Lobo pled guilty to illegal reentry in violation of 8 U.S.C. § 1326(a) and (b)(2). The Probation Department prepared a Presentence Investigation Report. The base offense level for illegal reentry is 8. Because Corrales-Lobo was convicted of aggravated assault in Georgia in 2003, his offense level was enhanced by 12 for a prior crime of violence, resulting in a total offense level of 17 after credit for acceptance of responsibility. His criminal history category was IV, yielding a guideline sentencing range of 37 to 46 months' imprisonment.

The Court sentenced Corrales-Lobos to 27 months' imprisonment. Judgment was entered on January 21, 2016. He did not appeal. Corrales-Lobo filed his present motion on May 18, 2016. It is timely.

1

**II.    MOVANT'S CLAIMS**

Corrales-Lobo challenges his sentence pursuant to *Johnson v. United States*, 135 S.Ct. 2551 (2015). He claims *Johnson* precludes the use of the residual clause for crimes of violence in the Sentencing Guidelines. He also cites *Dimaya v. Lynch*, 803 F.3d 1110 (9th Cir. 2015), which held that § 16(b) of Title 8 of the United States Code was unconstitutionally vague.

**III.    ANALYSIS**

**A.  28 U.S.C. § 2255**

There are four cognizable grounds upon which a federal prisoner may move to vacate, set aside, or correct his sentence: 1) constitutional issues, 2) challenges to the district court's jurisdiction to impose the sentence, 3) challenges to the length of a sentence in excess of the statutory maximum, and 4) claims that the sentence is otherwise subject to collateral attack. 28 U.S.C. § 2255; *United States v. Placente*, 81 F.3d 555, 558 (5th Cir. 1996). "Relief under 28 U.S.C. § 2255 is reserved for transgressions of constitutional rights and for a narrow range of injuries that could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice." *United States v. Vaughn*, 955 F.2d 367, 368 (5th Cir. 1992).

**B.  *Johnson* Claim**

Corrales-Lobo's offense level was enhanced pursuant to § 2L1.2(b)(1)(A) of the Sentencing Guidelines. The application notes list crimes of violence, in addition to describing them. *Id.*, application n. 1(B)(iii) (2014). Aggravated assault is one of the listed crimes of violence. If Georgia defines aggravated assault no more broadly than generic aggravated assault referenced by the Guidelines, Corrales-Lobo's conviction may be used to enhance his offense level. If Georgia defines its crime more broadly, the conviction may not be used to enhance. *See Taylor v. United States*, 495 U.S. 575, 598 (1990).

Corrales-Lobos was indicted and convicted of aggravated assault pursuant to Georgia Code § 16-5-21. The Indictment recites that Corrales-Lobos "did then and there unlawfully make an assault upon the person of Jorge Marenco, with a pistol, a deadly weapon, by shooting at Jorge Marenco . . ." D.E. 15, p. 5. Subsection 16-5-21(a) governs the conduct described in Corrales-Lobo's Indictment without specifying the particular subsection. It states:

> (a) A person commits the offense of aggravated assault *when he or she assaults*:
>
> > (1) With intent to murder, to rape, or to rob;
> > (2) *With a deadly weapon* or with any object, device, or instrument *which, when used offensively against a person, is likely to or actually does result in serious bodily injury*; or
> > (3) A person or persons without legal justification by discharging a firearm from within a motor vehicle toward a person or persons.

*Id*. (emphasis added).[1]

Georgia's aggravated assault statute is divisible. *See Martin v. State*, 492 S.E.2d 225, 229 (Ga. 1997) (different subsections of aggravated assault charged separately). As narrowed by the Indictment, using the modified categorical approach, Corrales-Lobo was charged with violating § 16-5-21(a)(2). *See United States v. Herrera–Alvarez*, 753 F.3d 132, 138 (5th Cir. 2014) (quoting *Shepard v. United States*, 544 U.S. 13, 16 (2005)).

The Fifth Circuit has previously held that Georgia's § 16-5-21(a)(2) constitutes generic aggravated assault. *United States v. Torres-Jaime*, 821 F.3d 577, 581-85 (5th Cir. 2016) (collecting cases); *see also United States v. Soto-Ramirez*, 492 Fed. App'x 481, 482 (5th Cir. 2012) (per curiam) (unpublished). Thus, the use of Corrales-Lobo's Georgia conviction for aggravated assault, as a listed crime of violence, to enhance his offense level was proper. *See Herrera– Alvarez*, 753 F.3d at 137.

---

[1] Although 16-5-21 has been amended numerous times since Corrales-Lobo was convicted in 2003, and subsection (a) has been expanded, the language of these provisions from 2003 remains.

Corrales-Lobo points out that the crime of violence definition in § 2L1.2(b)(1)(A) relies upon 8 U.S.C. § 1101, which in turn relies upon 18 U.S.C. § 16(b). He argues that the residual clause declared unconstitutionally vague in *Johnson* and the residual clause in § 16(b) are virtually identical.[2] Thus, Corrales-Lobo asserts that § 16(b) is also unconstitutionally vague. He relies on both *Johnson* and *Lynch v. Dimaya*.

As an initial matter, Corrales-Lobo's enhancement had nothing to do with 18 U.S.C. § 16(b) or the residual clause. His offense level was enhanced because aggravated assault is a listed crime of violence. Furthermore, Corrales-Lobo's argument that the residual clause in § 16(b) is unconstitutionally vague was rejected by the Fifth Circuit. *United States v. Gonzalez-Longoria*, 831 F.3d 670, 672-79 (5th Cir. 2016) (en banc) ("[W]e hold that 18 U.S.C. § 16(b) is not unconstitutionally vague on its face."). Although the Supreme Court granted the petition for writ of certiorari in *Lynch v. Dimaya*, 137 S.Ct. 31 (2016), the Court has not decided the case at this

---

[2] *Johnson* considered the residual clause in the Armed Career Criminal Act, 18 U.S.C. § 924(e)(2), and determined that it was void for vagueness. 135 S.Ct. at 2556. The Act defines 'violent felony' as follows:

> any crime punishable by imprisonment for a term exceeding one year ... that—
> (i) has as an element the use, attempted use, or threatened use of physical force against the person of another; or
> (ii) is burglary, arson, or extortion, involves use of explosives, *or otherwise involves conduct that presents a serious potential risk of physical injury to another*.
>
> § 924(e)(2)(B). The closing words of this definition, italicized above, have come to be known as the Act's residual clause.

*Johnson*, 136 S.Ct. at 2555-56 (emphasis added). The Sentencing Guidelines Manual, § 2L1.2, defines a crime of violence in similar terms but lists additional enumerated crimes and includes a use-of-force provision like that in § 924(e)(2)(B)(i):

> "Crime of violence" means any of the following offenses under federal, state, or local law: Murder, manslaughter, kidnapping, *aggravated assault*, forcible sex offenses (including where consent to the conduct is not given or is not legally valid, such as where consent to the conduct is involuntary, incompetent, or coerced), statutory rape, sexual abuse of a minor, robbery, arson, extortion, extortionate extension of credit, burglary of a dwelling, or any other offense under federal, state, or local law that has as an element the use, attempted use, or threatened use of physical force against the person of another.

U.S.S.G. § 2L1.2 application n. 1(B)(iii) (emphasis added).

time. Thus, *Gonzalez-Longoria* remains binding precedent. *United States v. Isidro-Esteban*, 2017 WL 2820934 at *1, ⎯⎯ F.3d ⎯⎯ (5th Cir. June 30, 2017) ("The grant of certiorari in *Lynch v. Dimaya*, ⎯⎯ U.S. ⎯⎯, 137 S.Ct. 31, 195 L.Ed. 2d 902 (2016), does not alter our holding in *Gonzalez-Longoria*."). Corrales-Lobo's claim is foreclosed by binding Fifth Circuit authority "unless overruled by [the Fifth Circuit] en banc or by the Supreme Court . . . ." *Id.*

## IV. CERTIFICATE OF APPEALABILITY

An appeal may not be taken to the court of appeals from a final order in a habeas corpus proceeding "unless a circuit justice or judge issues a certificate of appealability." 28 U.S.C. § 2253(c)(1)(A). Although Corrales-Lobo has not yet filed a notice of appeal, the § 2255 Rules instruct this Court to "issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rule 11, § 2255 RULES.

A Certificate of Appealability (COA) "may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "The COA determination under § 2253(c) requires an overview of the claims in the habeas petition and a general assessment of their merits." *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003).

To warrant a grant of the certificate as to claims denied on their merits, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). This standard requires a § 2255 movant to demonstrate that reasonable jurists could debate whether the motion should have been resolved differently, or that the issues presented deserved encouragement to proceed further. *United States v. Jones*, 287 F.3d 325, 329 (5th Cir. 2002) (relying upon *Slack*, 529 U.S. at 483-84). As to claims that the district court rejects solely on procedural grounds, the movant must show both that "jurists of reason would find it debatable whether the petition states a

valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack*, 529 U.S. at 484.

The Court finds that Corrales-Lobo cannot establish at least one of the *Slack* criteria. Accordingly, he is not entitled to a Certificate of Appealability as to his claims.

## V.   CONCLUSION

For the foregoing reasons, Corrales-Lobo's motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 (D.E. 21) is **DENIED,** and this action is **DISMISSED** with prejudice. Additionally, he is **DENIED** a Certificate of Appealability.

It is so **ORDERED** this 25th day of July, 2017.

_____
JOHN D. RAINEY
SENIOR U.S. DISTRICT JUDGE